**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| HERBERT GOFORTH, II, *et al.*, | Case No. 2:14-cv-00330-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | Plaintiffs' Motion to Remand Under 28 U.S.C. § 1447 (ECF No. 23) |
| NEVADA POWER COMPANY, *et al.*, | |
| Defendants. | |

### I.    INTRODUCTION

This case arises from the untimely death of Herbert Goforth, III. Goforth, III died while employed as a lineman for Nevada Power Company after he fell from an electrical line tower during a training exercise. Am. Compl. ¶ 15, ECF No. 1 Ex. B. Goforth, III's estate and heirs filed suit in the Eighth Judicial District Court of Clark County, Nevada, alleging ten state law claims. Defendants filed a Petition for Removal pursuant to 28 USC § 1441(a). ECF No. 1. Plaintiffs filed a Motion to Remand to state court. ECF No. 23. Because Defendants have not met their burden of establishing that removal jurisdiction is proper, the Court remands this action back to the Eighth Judicial District Court of Clark County.

### II.    BACKGROUND

Plaintiffs' Amended Complaint contains ten state law claims: (1) wrongful death/negligence; (2) negligence *per se*; (3) negligence/gross negligence; (4) fraud; (5) negligent hiring, training, retention, and supervision; (6) negligent infliction of emotional distress; (7) strict

product liability; (8) breach of warranty; (9) *respondeat superior*; and (10) punitive/exemplary damages. Am. Compl. at 6-18. In support of their negligence *per se* claim, Plaintiffs allege that Defendants violated several Occupational Safety and Health Administration ("OSHA") regulations. Defendants claim this Court has original jurisdiction over Plaintiffs' negligence *per se* claim, and supplemental jurisdiction over the remaining state law claims, because of these alleged violations of federal law. Pet. for Removal at 2-3. In their Motion to Remand, Plaintiffs argue that their complaint merely references violations of OSHA regulations and that this is not sufficient to create federal question jurisdiction. Mot. Remand at 3-7, Apr. 2, 2014, ECF No. 23.

### III. LEGAL STANDARD

#### A. Removal Jurisdiction

28 U.S.C. § 1441(a) grants district courts jurisdiction over state court actions that originally could have been brought in federal court. "Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (internal quotation marks omitted).

#### B. Federal Question Jurisdiction

A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law when "federal law creates the cause of action." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). But even where a claim finds its origins in state rather than federal law, the Supreme Court has identified a "special and small category" of cases in which federal question jurisdiction still exists. Empire Healthchoice Assurance, Inc., v. McVeigh, 547 U.S. 677, 699, 701 (2006). Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313-14 (2005). Where all four Grable requirements are met, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought

to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. Id. at 313.

**IV.    DISCUSSION**

Applying the Grable framework to this case, it is clear that none of Plaintiffs' claims "arise under" federal law. Although the federal issue in this case of whether Defendants violated certain OSHA provisions is "actually disputed," Defendants' arguments fail with respect to the other three Grable requirements. Therefore, the Court lacks subject matter jurisdiction over this case and must remand it to state court.

**A. A Federal Issue Is Not Necessarily Raised**

The federal issue is not necessarily raised because proof of a violation of an OSHA regulation is not a necessary element to any of Plaintiffs' claims. Under Nevada law, negligence *per se* is not a separate cause of action, but rather a method of establishing the duty and breach elements of a negligence claim. Cervantes v. Health Plan of Nevada, et al., 263 P.3d 261, 264 n.4 (Nev. 2011). Plaintiffs' negligence *per se* claim is thus merely one theory of establishing the duty and breach elements of their first and third claims for wrongful death/negligence and negligence/gross negligence; it is not truly a separate cause of action. See id.

"When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996) (internal citations and quotations omitted); see also Smith v. Grimm, 534 F.2d 1346, 1350 (9th Cir. 1976) ("[T]he federal law must be a direct and essential element of the plaintiff's cause of action").

Plaintiffs' negligence *per se*, negligence/wrongful death, and negligence/gross negligence claims are all based on the theory that defendants outfitted Goforth, III with defective safety equipment and failed to warn him about hazardous training conditions which proximately caused his death. Am. Compl. ¶¶ 24, 44. Proof that Defendants violated OSHA regulations[1] is only one

---

[1] Plaintiffs allege violations of the following OSHA provisions: 29 CFR § 1910.132(d)(1)(iii) (personal

- 3 -

method whereby Plaintiffs may establish that the equipment provided by Defendants to Goforth, III was defective. Plaintiffs have also set forth alternative and independent state law theories for showing that the equipment was defective. For instance, in the Allegations Common to All Claims section of the Amended Complaint, Plaintiffs allege that Defendants gave Goforth, III defective equipment, including "gloves with holes, a suit that did not fit, [and] boots that had to be taped," which could support a finding of negligence without reference to federal law. Am. Compl. ¶ 16.

Even under a theory of negligence *per se*, proof that Defendants violated OSHA regulations would not, standing alone, establish the duty and breach elements of Plaintiffs' negligence claims. Proof of such a violation would only serve as evidence—and not necessarily conclusive proof—of negligence. Price v. Sinnott, 460 P.2d 837, 840 (Nev. 1969) ("We prefer the rule that proof of a deviation from an administrative regulation is only evidence of negligence; not negligence per se."). Therefore, even under a theory of negligence *per se*, the federal issue is not necessarily raised because proof of a violation of an OSHA regulation is not an essential element of any of Plaintiffs' claims.

**B. Resolution of the Issue Is Not Substantially Important to the Federal System**

Even if Plaintiffs' complaint were to necessarily raise a federal issue, it would not raise a substantial federal issue. "The substantiality inquiry under Grable looks . . . to the importance of the issue to the federal system as a whole." Gunn v. Minton, 133 S.Ct. 1059, 1066 (2013). "[P]ure issue[s] of law" are more likely to be substantial because a federal court may settle the issue "once and for all." Empire, 547 U.S. at 700 (internal quotation marks omitted). Conversely, "fact-bound and situation specific" inquiries are generally not considered to be substantial. Id. at 700-01.

The federal issue potentially raised by Plaintiffs' Amended Complaint involves a case-specific determination of whether Defendants violated certain OSHA regulations. This requires a "fact-bound and situation-specific" analysis of whether the equipment provided by Defendants to Goforth, III was defective under OSHA standards. Although this issue may be significant to the

---

protection equipment); 29 CFR § 1910.132(e) (defective or damaged equipment); 29 CFR § 1910.269(g)(2)(i) (personal fall equipment); 29 CFR § 1926.502(d) (personal fall arrest systems); 29 CFR § 1926.502(d)(15) (anchorages for fall protection); 29 CFR § 1910.269(g)(2)(v) (fall protection equipment); 29 CFR § 1910.269(h)(2)(ii) (portable ladders and platforms); 29 CFR § 1910.269(q)(3)(vii) (conductive device requirements); and 29 CFR § 1904.40(a) (production of requested documents).

particular parties in the immediate suit as some evidence of negligence, the question fails to reach beyond them. Because resolution of the federal issue will inform only the negligence claims at hand, the issue is not significant to the federal system as a whole.

### C. Federal Court Resolution Would Disrupt the Federal-State Balance

The Occupational Safety and Health Act ("OSHA Act") does not provide a private right of action. See 29 U.S.C. § 653(b)(4) ("Nothing in this chapter shall be construed to . . . enlarge or diminish or affect in any manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment."); Crane v. Conoco, Inc., 41 F.3d 547, 553 (9th Cir. 1994) ("OSHA violations do not themselves constitute a private cause of action for breach."). Though not dispositive, the absence of a private right of action is highly relevant to the "sensitive judgments about congressional intent" required by Section 1331. Merrell Dow, 478 U.S. at 810.

Indeed, the OSHA Act itself creates mechanisms by which alleged violations can be raised within the agency by a private actor. For example, employees or their representatives may report violations or dangerous conditions to the Secretary for investigation, 29 U.S.C. § 657(f)(1), and any employee who believes he has been discriminated against for reporting a violation may file a complaint with the Secretary, 29 U.S.C. § 660(c)(2). Congress's decision to include these intra-agency enforcement mechanisms combined with the absence of a private cause of action suggests that Congress did not intend for OSHA-based actions to be litigated by private actors in federal court.

"In sum, Grable emphasized that it takes more than a federal element to open the 'arising under' door. This case cannot be squeezed into the slim category Grable exemplifies." Empire, 547 U.S. at 701 (internal citations and quotations omitted). Plaintiffs' Amended Complaint fails to satisfy three of the four factors in the Grable framework and remand is therefore proper.

### V. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiffs Herbert Goforth, II and Rosa Goforth's Motion to

1  Remand Under 28 U.S.C. § 1447 (ECF No. 23) is GRANTED.  This case is REMANDED to the
2  Eighth Judicial District Court of Clark County, Nevada, case no. A-14-695310-C.

4        DATED this 31st day of March, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**